UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NIKEA BOWDEN )<br>800 HR DRIVE SE )<br>WASHINGTON DC  20032 )<br> )<br>    PLAINTIFF )<br> )<br>vs. )<br> )<br>THE DISTRICT OF COLUMBIA )<br>441 4th STREET N.W. )<br>WASHINGTON, D.C.  20001 )<br> )<br>    DEFENDANT ) | Cv. Action 20- |

## COMPLAINT FOR DECLARATORY JUDGMENT AND RELIEF

COMES NOW PLAINTIFF NIKEA BOWDEN, Petitioner in the underlying case, to respectfully state as follows:

PRELIMINARY STATEMENT

This is an action for injunctive and declaratory relief brought under the Individuals with Disabilities Education Act, 20 U.S.C. 1400 *et. seq.* ("IDEA").  The Plaintiff seeks a judgment (a) declaring that she was the prevailing party in the underlying proceeding and is entitled to recover her reasonable legal fees and costs, (b) determining that the reasonable attorney fees in this case should be awarded at the rate set by the USAO Attorney's Fees Matrix 2015-2020; and (c) ordering the Defendant to make payment to the Plaintiff at the rate deemed reasonable under the USAO Attorney's Fees Matrix for Attorney Carolyn Houck.

JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to The Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1461 ("IDEA"), 29 U.S.C. § 794; 28 U.S.C. §§ 1441, 1442, 2201, & 2202;

1

the Mills Decree; and pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§ 3000.1 – 3701.3 (2o003).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

PARTIES

3. Plaintiff Nikea Bowden is the parent of N.B., a student who has been determined to be a student with a disability, as defined by the IDEA. Plaintiff is currently a resident of the District of Columbia and was a resident of the District of Columbia during the time of the underlying administrative proceeding.

4. Defendant is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public Schools system (herein "DCPS"). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEA and is responsible for issuing checks in payment of reasonable attorney fees and costs incurred by the Plaintiffs in pursuing claims under IDEA.

FACTUAL BACKGROUND

5. At all times pertinent to this proceeding, Plaintiff was represented by Attorney Carolyn Houck.

6. An administrative due process hearing was held concerning the special education needs of N.B. on December. 19, 2019. The Hearing Officer's Determination (HOD) was issued on January 15, 2020 and is attached as Exhibit 1. Following the contested hearing, Plaintiff Nikea Bowden was the prevailing party in this proceeding.

7. The Attorney Fee Guidelines issued by DCPS on March 25, 2013 by the General Counsel for DCPS states, "Submission of attorney's fee invoices to OGC is not required before filing a petition of fees with the District Court, pursuant to the IDEA."

8. The attorney fees and costs Defendant owes to Plaintiff Mabel Jones total $83,560.80 ($83,240.50 attorney fees and $320.30 costs and expenses). Plaintiff will submit her invoice directly to the Assistant Attorney General assigned to the case.

## LEGAL FRAMEWORK

9. An award of attorneys' fees is proper and just in this matter pursuant to the IDEA and its implementing regulations, which state, *inter alia*:

    (a) *In general*. (1) In any action or proceeding brought under section 615 of the Act, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to—

    (i) The prevailing party who is the parent of a child with a disability;

    *34 C.F.R. §300.517(a)(1)(i).*

10. The regulations further state:

    (c) *Award of fees*. A court awards reasonable attorneys' fees under section 615(i)(3) of the Act consistent with the following:

    (1) Fees awarded under section 615(i)(3) of the Act must be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished.

    *34 C.F.R. §300.517(c)(1).*

11. The Plaintiff was the prevailing party in the underlying action, as defined in *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005) (finding that a party prevails if "there has been a court-ordered change in the legal relationship between the plaintiff and defendant" and "in whose favor a judgment is rendered, regardless of the amount of damages awarded") (citing *Buckhannon Board and Care Home Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 603-04 (2001) and is entitled to recover reasonable attorney's fees and costs.

12. The current billing rate for Attorney Houck, is reasonable and consistent with prevailing market rates in the District of Columbia and consistent with the USAO Attorney's Fee Matrix 2015-2020 rates.  The current Matrix is attached as Exhibit 2.

RELIEF REQUESTED

**WHEREFORE, Plaintiff respectfully requests that this Court:**

A. Declare the Plaintiff as the prevailing party under the IDEA, and therefore find that the Plaintiff is entitled to recover reasonable legal fees and costs incurred in the litigation;

B. Declare that the rate paid to Attorney Houck for the work in litigating the case of *Nikea Bowden vs. District of Columbia*, Case No. 2019-273 should be the rate determined by the USAO Attorney's Fees Matrix, based on the attorney's years of experience;

C. Award Plaintiff the sum of $83,560.80 in attorney's fees and costs;

D. Award Plaintiff fees for litigating the current Complaint in the District Court of the District of Columbia for the purpose of collecting fees in the underlying administrative action, at Plaintiff's counsel's applicable rate, pursuant to 42 U.S.C. § 1988; and

E. Award any other relief that this Court deems just and proper.

Respectfully submitted,

*/s/ Carolyn Houck*

Carolyn W. Houck, Esq.  459746
24035 Porters Creek Lane
St. Michaels, MD  21663
Telephone: 301-951-4278
Fax:         866-297-4248
Email:      cwhouck1@gmail.com